RULEY, JUDGE:
This claim was before the Court a second time upon a motion for rehearing, which more accurately would be designated as a motion for reconsideration, since no additional evidence was taken. The claimants, whose property in Elk District, Harrison County, was the subject of an eminent domain proceeding incident to the construction of Interstate Route 79, seek an award of $4,500.00 in “relocation assistance funds”. The claim was submitted upon a stipulation which included the following matters:
((* * *
The claimants contend and the Department of Highways admits that the Department had actual knowledge of the claim and its amount within the eighteen (18) month period. * * * The Department of Highways admits that the claimants would be entitled to recover the sum of Four Thousand Five Hundred Dollars ($4,500.00) except for the failure of the claimants to file a formal claim. (Emphasis supplied.)
He * *11
The sole defense asserted by the respondent was that the claimants failed to file a formal written claim for the relocation assistance funds as required by a typewritten 18-page document entitled “Brochure Relocation Advisory Assistance” published by the respondent. On page 4 of that document, it is stated:
((Hi Hi
(c) Claim must be filed within eighteen months of date you were required to relocate.
He *
*87 Other provisions imply that a written form must be filed. When the claim was argued upon its reconsideration, the Court pointed out to counsel that the decision might turn on whether the brochure did or did not constitute rules or regulations duly promulgated by the respondent and thus have the force and effect of law. The authority to make rules and regulations pertaining to relocation expense is contained in Code §17-2A-20, which provides, in part:
<<* * *
Payments under this section are subject to the following limitations and to any rules and regulations made by the commissioner as herein authorized:
* * *
The commission shall establish by rules and regulations a procedure for the payment of relocation costs within the limits of and consistent with the policies of this section.
* *
Nothing whatever in the “brochure” indicates that it is to be regarded as rules and regulations or that it was made or promulgated by the commissioner. In its first paragraph on page 1, it is stated:
<<$ * *
Your State Road Commission wishes to aid and assist in relocating and re-establishing you, your family, your business, your farm, the nonprofit organization, and the owner of other personal property who will be displaced because of the construction of Federal-aid highways. It is our desire to accomplish this in an orderly, timely, equitable, and efficient manner so as to assure that those individuals dislocated do not suffer disproportionate injuries because of the highway program designed for the benefit of the public as a whole.
and, on page 17, it is stated in capital letters:
<<* * *
*88 THIS IS AN INFORMAL SUMMARY OF BENEFITS AVAILABLE TO PERSONS WHO ARE FORCED TO RELOCATE THEIR FAMILY, FARM, BUSINESS OR NONPROFIT ORGANIZATION FROM A HIGHWAY PROJECT IN WEST VIRGINIA. (Emphasis supplied.)
* *
It thus appears that the “brochure” did not constitute rules and regulations and did not have the force and effect of law. Granted on page 18 of the brochure, it also is stated in capital letters:
A COPY OF THE BASIC FEDERAL REQUIREMENTS OF THE BUREAU OF PUBLIC ROADS GOVERNING PAYMENTS IS CONTAINED IN IM 80-1-68, AS REVISED. * *
and Instructional Memorandum 80-1-71 [a 65 page document relating to “Relocation Assistance and Payments — Interim Operating Procedures (RCS 34-01-03) (OMB 04-R-2211) ]” published by the Federal Highway Administration, at page 31, provides:
(C>(c * ‡
o. CLAIMS
In order to obtain a moving expense payment, a relocated person must file a written claim with the State agency on a form provided by the agency for that purpose within a reasonable time limit determined by the State.
* *
but it does not appear from any evidence before the Court that IM 80-1-71 is anything more than what it proclaims itself to be, viz., an instructional memorandum.
In view of the circumstances that the respondent did have actual knowledge of the Bastin claim for relocation expense (including knowledge of the amount of the claim) within eighteen months, and that there is no dispute as to the amount which they should receive, viz., $4,500.00, the Court is of opin *89 ion to, and does hereby, reverse its earlier decision and make an award to the claimants in that sum.
Award of $4,500.00.